UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SARKIS KARUNYAN, a married man; GMS MEDICAL SUPPLY INCORPORATED, an Arizona corporation,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>UNITED STATES OF AMERICA; LAUREN HANOVER, in his individual capacity and official capacity as Special Agent with the United States Department of Health and Human Services, Office of the Inspector General,<br><br>    Defendants - Appellees. | No. 12-15651<br><br>D.C. No. 2:10-cv-00198-ROS District of Arizona, Phoenix<br><br><br>ORDER |

Before:  O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

The Memorandum disposition filed on March 13, 2014, is amended by the

Amended Memorandum disposition filed concurrently with this order.

With these amendments, Judge O'Scannlain has voted to grant Appellees'

petition for panel rehearing, and Judges Graber and Nguyen have voted to deny it.

Appellees' petition for panel rehearing is DENIED.  No further petitions for

panel rehearing or petitions for rehearing en banc shall be accepted.

**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARKIS KARUNYAN, a married man; GMS MEDICAL SUPPLY INCORPORATED, an Arizona corporation,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES OF AMERICA; LAUREN HANOVER, in his individual capacity and official capacity as Special Agent with the United States Department of Health and Human Services, Office of the Inspector General,<br><br>        Defendants - Appellees. | No. 12-15651<br><br>D.C. No. 2:10-cv-00198-ROS<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before:  O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Sarkis Karunyan appeals the district court's grant of Defendants' motion to dismiss his complaint arising from his arrest on charges of Medicare fraud. Reviewing de novo, N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011), we reverse and remand.

1. The district court properly exercised subject matter jurisdiction because Karunyan's claims do not arise under the Medicare Act. See Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1141 (9th Cir. 2010).

2. The district court erred in granting qualified immunity to Defendant Special Agent Lauren Hanover on the wrongful arrest claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Taking the allegations of material fact as true, as we must at this procedural stage, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001),[1] it was unreasonable for Hanover to conclude that "there was a fair probability that [Karunyan] had committed a crime," Grant v. City of Long Beach, 315 F.3d 1081, 1085 (9th Cir. 2002) (internal quotation marks omitted). To have probable cause that Karunyan had engaged in the fraudulent criminal behavior at issue, Hanover was required to have probable cause not only with respect to the bare existence of

---

[1] We express no view on the merits of any of Plaintiff's claims; we hold only that the complaint, as now pleaded, withstands a motion to dismiss.

2

an act of fraud, but also with respect to Karunyan's specific intent to defraud.

Rodis v. City of San Francisco, 558 F.3d 964, 969 (9th Cir. 2009).  The facts as alleged do not permit such a conclusion.

At the time of Karunyan's arrest, Hanover knew only that suspicious Medicare sales had occurred in California nearly a year earlier, that a third-party billing entity had billed for those sales on behalf of Karunyan's company, but that Karunyan's company had not collected on those sales.  Indeed, his company had done no business in California, and the defrauded customers had never heard of Karunyan's company.[2]  A reasonable officer would have been alert to the need to conduct further investigation to reconcile those facts, yet Hanover allegedly failed to investigate why Karunyan's company had not collected on the sales.  In these circumstances, it was unreasonable for Hanover to conclude that there was probable cause that Karunyan specifically intended to engage in fraudulent criminal behavior.

3. The district court also erred by dismissing the claim of bad faith failure to collect potentially exculpatory evidence.  See Miller v. Vasquez, 868 F.2d 1116,

---

[2] As it turned out, months before the arrest, Karunyan had returned the money promptly to the billing entity, explaining that it had wrongly billed under the Medicare Provider number of Karunyan's company.  At the time of the arrest, that error was known not only by the third-party billing entity, Karunyan's company, and Karunyan himself—but also by Hanover's own agency.

3

1120 (9th Cir. 1989) ("[A] bad faith failure to collect potentially exculpatory evidence would violate the due process clause.").  Potentially exculpatory evidence—that Karunyan immediately had returned the funds to the billing entity months earlier—was readily available to Hanover, yet he allegedly failed to collect that evidence.  Moreover, taking the allegations as true, <u>Sprewell</u>, 266 F.3d at 988, at the time of the arrest, apparently without any evidence of its truthfulness, Hanover accused Karunyan of being involved in criminal activity by Russian-Armenians in Los Angeles.  Failure to collect potentially exculpatory evidence, coupled with a potentially prejudicially motivated arrest, is sufficient to constitute a <u>Bivens</u> claim.  <u>Miller</u>, 868 F.2d at 1121.

4.  Finally, the district court erred in dismissing the claims against Defendant United States.  The district court dismissed those claims for the reason that probable cause supported Karunyan's arrest.  As noted above, that reason is erroneous.  Accordingly, the district court's dismissal of the claims against Defendant United States is, likewise, erroneous.

**REVERSED and REMANDED.**

4

*Karunyan v. United States*, 12-15651

O'SCANNLAIN, Circuit Judge, dissenting:

Because I am persuaded that probable cause supported Sarkis Karunyan's arrest and that Agent Lauren Hanover's investigation did not violate the Due Process Clause, I respectfully dissent.

Hanover knew that someone committed fraud by convincing Medicare to pay for unnecessary medical equipment. Karunyan's complaint acknowledges that Hanover knew that the proceeds from that fraud were originally paid to Karunyan. This is sufficient to demonstrate "a fair probability that [Karunyan] had committed a crime." *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002).

*Rodis v. City and County of San Francisco*, 558 F.3d 964 (9th Cir. 2009), is not applicable to this case. *Rodis* requires that an officer making an arrest for a specific intent crime "have probable cause [of specific intent] *in order to reasonably believe that a crime has occurred*." *Id.* at 969 (emphasis added). The majority does not dispute that Hanover reasonably believed that the perpetrator, acting with specific intent, committed a crime. The issue is simply whether Karunyan's receipt of the proceeds of the crime made it reasonable for Hanover to believe that Karunyan had committed that crime.

1

Karunyan also failed to plead a violation of the Due Process Clause. Our precedent indicates that a bad faith failure to collect potentially exculpatory evidence violates the Constitution only if "the evidence sought was of such a nature that it was not reasonably available to the defendant." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1086–87 (9th Cir. 2004) (analyzing a due process claim for "fail[ure] to *collect* and preserve evidence" (emphasis added)).

The duty to collect evidence incorporates the same limitations that the duty to preserve evidence does, *see Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989) (ruling that the bad faith requirement for preservation claims applies a fortiori to collection claims), and the Supreme Court has expressly enunciated the unavailability requirement for preservation claims. *California v. Trombetta*, 467 U.S. 479, 489 (1984). Karunyan failed to plead that the evidence at issue was not reasonably available to him; indeed, he pled the opposite: the evidence at issue was in his own company's records.

For the foregoing reasons, I would affirm.